Maynard THOMAS, Jr., Movant,

v.

Harold COLLINSWORTH, Martha Mc-
Donald, Jim Matt Mooneyham, Curtis
Gambrel, Paul Buchanan and the Knox
County Board of Elections, Respon-
dents.

Supreme Court of Kentucky.

July 15, 1980.

Guy E. Millward, Jr., Millward & Von-
Derau, Barbourville, for movant.

Allen C. Trimble, Forcht & Trimble, Cor-
bin, for respondent Collinsworth.

L. W. Lundy, Barbourville, for respon-
dents McDonald et al.

PER CURIAM.

KRS 121.190(1), a section of the Corrupt
Practices Act, requires that all "newspaper
or magazine advertising, posters, circulars,
billboards, handbills, sample ballots and
paid-for television or radio announcements"
espousing the support or defeat of a candi-
date or candidates for nomination or elec-
tion to public office be followed by an iden-
tification of the persons or organizations
paying for such advertisements. As first
enacted in 1966 (Ch. 216, § 10, Acts of 1966)
and codified in KRS 123.095(2), the require-
ment applied to "*All advertisements*, bill-
boards, handbills, paid-for television and ra-
dio announcements *and all other communi-
cations* intended to support or defeat a can-
didate . . ." (Emphasis added). As
the statute then read, it might well be
argued that its language was broad enough
to include bumper-stickers. (See, however,
an opinion to the contrary by the Attorney-
General, OAG 69–480.) The present lan-
guage was substituted by Chapter 81, § 8,
Acts of 1970, and is, of course, more specific
in its enumeration of the kinds of material
to which the requirement applies. It was
re-enacted without change by Chapter 130,

§ 191(1), Acts of 1974, and is now carried in the statutes as KRS 121.190(1).

Though it would not be unreasonable to consider bumper-stickers as a type of "poster"—and certainly they can be and are so used—their use has been so widespread and of such long standing that we cannot believe the General Assembly during this course of its attention to the subject would have overlooked listing them specifically had it not intended them to be excluded from the requirement. We therefore hold that Collinsworth was not disqualified by reason of having used bumper-stickers that did not conform to that statute.

Assuming, but without deciding, that the physical act of mailing absentee ballots to the county clerk's office by Thomas or his supporters after they had been voted and sealed by the absentee voters would be a sufficient irregularity to invalidate those particular votes, we do not think it justified eliminating all of the absentee ballots and thus disfranchising those whose ballots had been properly handled. Cf. *Clark v. Quick*, 377 Ill. 424, 36 N.E.2d 563 (1941). The number of ballots proved to have been mailed in by Thomas or his representatives was 43. Deducting that number of votes from his total would leave him still the winner by 12 votes.

The decision of the Court of Appeals is affirmed in part and reversed in part, and the judgment of the trial court is reversed with directions that a new judgment be entered in conformity with this opinion.

PALMORE, C. J., and CLAYTON, LUKOWSKY, STEPHENS, STEPHENSON and STERNBERG, JJ., sitting.

All concur.